**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4997

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ROBERTO PAREDES-GUTIERREZ, a/k/a Roberto Ruiz, a/k/a Roberto
Perez, a/k/a Roberto Paredes-Gutierres,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Robert E. Payne, Senior
District Judge.   (3:12-cr-00104-REP-1)

Submitted:  May 23, 2013                  Decided:  May 28, 2013

Before MOTZ and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Carolyn V.
Grady, Assistant Federal Public Defender, Patrick L. Bryant,
Appellate Attorney, Richmond, Virginia, for Appellant. Neil H.
MacBride, United States Attorney, Alison L. Anderson, Special
Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roberto Paredes-Gutierrez pled guilty to one count of illegal reentry, in violation of 8 U.S.C. § 1326(a) (2006). His twenty-one-month sentence was at the top of his properly calculated advisory Sentencing Guidelines range. On appeal, the Defendant argues that the district court did not adequately explain its reasons for imposing the sentence and denying his request for a downward variance sentence. He also argues for the first time on appeal that the court's references to leniency at sentencing were related to its allegedly mistaken belief that he could have been charged with illegal reentry after conviction for an aggravated felony, which carries a twenty-year statutory maximum. We affirm.

We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 45-46 (2007); United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010) (noting abuse of discretion standard of review applicable when defendant properly preserves a claim of sentencing error). We begin by reviewing the sentence for significant procedural error, including such errors as failing to calculate (or improperly calculating) the Sentencing Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, selecting a sentence based on clearly erroneous facts,

2

or failing to adequately explain the chosen sentence.  Gall, 552 U.S. at 51.

An individualized explanation must accompany every sentence.  Lynn, 592 F.3d at 576.  The court's explanation need not be exhaustive, although it must be "sufficient 'to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'"  United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).  When imposing a sentence within the Guidelines range, however, the explanation need not be elaborate or lengthy because Guidelines "sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy."  United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (citation and internal quotation omitted).

We hold that the district court committed neither procedural error alleged by the Defendant.  The district court correctly calculated the advisory Guidelines range, and it is apparent from the court's discussion that it considered both parties' arguments, the motion for a downward variance based on cultural assimilation, and the § 3553(a) factors and that it had a reasoned basis for its decision.  The court's references to leniency at sentencing do not constitute plain error.  See Lynn,

3

592 F.3d at 577 (stating plain error standard applies to unpreserved claims of procedural sentencing error). Accordingly, we affirm the district court's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED